## Case No. 5,647.

### GOYON et al. v. PLEASANTS.

[3 Wash. C. C. 241.] [1]

Circuit Court, D. Pennsylvania. April Term, 1814.

#### MARINE INSURANCE—DEVIATION IN ROUTE.

Insurance was effected on goods on a voyage at and from Guadaloupe to a port in France, on the Atlantic. The vessel, instead of going direct to France, stopped at Santos two or three days, which was proved to be the safest and most usual route in time of war. If the vessel went to Santos with the honest intention to avoid British cruisers, and remained there no longer than was necessary, the deviation was excusable.

[This was an action on an insurance policy by Goyon and Efrin against Pleasants.] The policy, subscribed by the defendant, was on goods on board the Elizabeth, on a voyage at and from Guadaloupe to a port in France, on the Atlantic; premium 50 per cent.; to return 20, if the risk should end without loss. The vessel sailed from Point Petre, on the 10th of March 1809, and proceeded to the Saints, where she stopped for three or four days, to make observations if there were any enemy's cruisers in the offing; and then proceeded on her voyage, by a route, not in the direct course of her voyage, but such as was proved to have been the most safe, and such as three-fourths of all vessels going from Point Petre to France, usually pursued during war. It was proved, that after the capture of Marigalante, an island in the direct route to France, by the British, in 1806, the ocean, surrounding that island, was much infested with British cruisers; and that an attempt to proceed that way would have been attended with great danger;—that the safest plan was to sail from Point Petre, at night, to the Saints, (islands distant about fifteen miles from that port,) and from the high grounds on the island, to ascertain whether it would be safe to proceed. The vessel was captured, some days after she left the Saints, by a British cruiser, and was regularly condemned.

It was contended, by Chauncey and Binney, for defendant, that the vessel, by going out of the direct route to France, and touching at the Saints, was guilty of a deviation; and that the custom attempted to be set up by the plaintiffs, is neither ancient nor uniform. Park, Ins. (6th Ed.) 309; Marsh. Ins. 185; Martin v. Delaware Ins. Co. [Case No. 9,161], in this court.

WASHINGTON, Circuit Justice (charging jury). We do not understand the ground taken by the plaintiff's counsel, to excuse a deviation from the direct route from Point Petre to France, to be confined to the proof offered by him to establish a usage to touch at the Saints, and to proceed on from thence. But the real and substantial justification of the deviation, is, that it was more safe to pursue the course which this vessel took, than the direct route by Marigalante. And, if you are of opinion that this vessel went out of her way, and touched at the Saints, with the honest intention of avoiding British cruisers, remaining there no longer than was necessary, then the deviation is excusable, and the plaintiffs are entitled to a verdict.

Verdict for plaintiffs.